[S. F. No. 1778.   Department One.—March 12, 1902.]

## SPRING VALLEY WATER WORKS, Respondent, v. W. J. FIFIELD et al., Appellants.

PUBLIC NUISANCE—ACTION BY WATER COMPANY—POLLUTION OF STREAM —PLEADING—SPECIAL INJURY NOT SHOWN.—A complaint in an action by a water company supplying a city with water to abate an alleged public nuisance, in the pollution of a creek that flowed into its reservoir, by the defendants, in the conduct of their dairy business, which merely states the conclusion of law, that the nuisance is specially injurious to the plaintiff, but does not state facts showing that the waters of the reservoir were polluted, and that the plaintiff was specially damaged, does not state a cause of action.

ID.—INSUFFICIENT FINDING—POSSIBILITY OF INJURY—CERTAINTY RE-QUIRED TO SUPPORT JUDGMENT.—A finding that the drainage from defendants' dairy into the creek "*may* pollute the waters" of the reservoir cannot support a judgment abating the defendants' dairy business as a public nuisance.  Both the evidence and the findings should be certain and specific to the effect that the acts of the defendants do injure the plaintiff to support such judgment.

ID.—PROVISION OF PENAL CODE.—A provision of the Penal Code making it a misdemeanor to do certain acts bearing upon the pollution of certain classes of streams of water has no direct bearing in litiga-tion involving the abatement of a nuisance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order deny-ing a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Ben Morgan, for Appellants.

Edward F. Fitzpatrick, and M. B. Kellogg, for Respondent.

GAROUTTE, J.—This action is brought to abate an alleged public nuisance. The complaint in substance states that plaintiff is the owner of the Crystal Springs reservoir; that water is furnished therefrom for the use of the inhabitants of the city of San Francisco; that the waters of San Mateo Creek flow into this reservoir; that defendants maintained, and are now maintaining and conducting, a dairy business upon the borders of the aforesaid creek; and that the offal drainage from the dairy yards flows into this creek. As a result of the trial, this dairy business of defendants, as so conducted upon the banks of the stream, was declared a public nuisance and ordered abated. The present appeal is taken from the judgment, and also from the order denying a motion for a new trial.

The complaint does not state a cause of action against defendants which justifies plaintiff in invoking the aid of a court of equity for relief. Section 3493 of the Civil Code provides: "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." There is no allegation in this complaint which shows that the alleged nuisance is specially injurious to plaintiff. A bald allegation of that fact is insufficient, for it is a mere conclusion of law. When a private individual seeks to abate a public nuisance, he must allege specific facts showing that the maintenance of the nuisance results in special injury to him. By construing the allegations of the complaint broadly, it may be admitted that the waters of the creek are polluted by this drainage at the point where the dairy is situated; but there is no attempt made by the pleader to allege that these waters of the creek are polluted at the reservoir by reason of the aforesaid drainage. There is no allegation even showing the distance that the dairy is situated from the reservoir. Perchance it may be twenty miles away; perchance the waters in transit between the dairy and the reservoir may become absolutely pure by reason of natural filtrations. It follows from what has been said that, in the absence of an allegation to the effect that the waters of the reservoir are polluted by reason of the location of this dairy upon the banks of San Mateo Creek, there is nothing in the pleading showing special damage to plaintiff; and for this reason the complaint does not state a cause of action in its favor.

The court made findings of fact to the effect that the acts of defendants in conducting the dairy business as it was conducted resulted in a pollution of the waters of San Mateo Creek at the point where the dairy was situated. And the court further found as a fact that if the acts of defendants were continued, then this drainage "may pollute the waters of said reservoir." Now, counsel for plaintiff has not pointed out any evidence in the record which even tends to support this rather equivocal finding; and this finding is the only one that in any way connects the acts of defendants with the pollution of the waters of the reservoir. Mr. Schussler, the chief engineer of the plaintiff, and the only witness testifying as to the condition of the waters of Crystal Springs reservoir, in answer to the following question, "Do you know what the condition of this water is in the reservoir, either at San Andreas or Crystal Springs, as to pollution or non-pollution?" said, "It is non-polluted in either reservoir." But even closing our eyes to the evidence and passing to the findings, we find them too weak to support a judgment abating defendants' dairy business as a public nuisance; for no special injury is shown to plaintiff. Indeed, it is not shown by the findings that the acts of defendants have resulted, or will result, in any injury to plaintiff at all. It is a serious matter to destroy the business of defendants by judicial decree, and it cannot be done upon the mere surmise that certain of their acts *may* injure plaintiff. Both the evidence and the findings should be certain and specific to the effect that the acts of defendants do injure plaintiff. A nuisance is defined as "anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use in the customary manner, of any navigable lake," etc. (Civ. Code, sec. 3479.) In this case there is no finding of fact filling the measure furnished by the aforesaid section of the Civil Code defining a nuisance.

Much stress is laid by respondent's counsel upon section 374 of the Penal Code, but the court does not see its application to this case. That section declares various acts bearing upon the pollution of certain classes of streams of water constitute a misdemeanor. If these defendants were being prose-

cuted by the people of the state under that section of the Penal Code, then its provisions could be invoked, but in litigation involving the abatement of a nuisance it has no direct bearing.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.