SALDAÑA ET AL. *v.* THE MUNICIPAL COUNCIL OF SAN JUAN ET AL.

APPEAL from the District Court of San Juan.

No. 267.—Decided January 22, 1909.

JUDGMENT—ASBENCE OF UNANIMOUS DECISION OR MAJORITY OF VOTES—JUDGMENT OF COURT BELOW BECOMES FINAL IN CASES OF TIE.—Where the justices of the Supreme Court fail to come to an agreement, unanimously or by a majority vote, for the decision of an appeal, and a tie results by reason of the absence of one of the justices, the judgment appealed from becomes final.

ANNULMENT OF MUNICIPAL RESOLUTIONS—JURISDICTION OF DISTRICT COURTS—ACTS OF A MUNICIPAL COUNCIL AS OWNER OF A PROPERTY.—District courts have jurisdiction to try actions to set aside resolutions of a municipal council involving proprietary acts performed in the capacity of owner or proprietor.

PUBLIC NUISANCE—NUISANCE—INJUNCTION—CAPACITY OF A PRIVATE PERSON SEEKING THE INJUNCTION.—A plaintiff in his capacity of private citizen who is subjected to a public nuisance, may obtain an injunction to suppress such nuisance. Citing *Penn.* v. *The Wheeling Bridge Co.,* 54 U. S., 518; *U. T. R. R. Co.* v. *Hall,* 91 U. S., 355.

ID.—SPECIAL DAMAGES CAUSED BY THE ACTS OF A MUNICIPAL COUNCIL—CAPACITY OF DIRECTLY INJURED PARTIES TO SECURE INJUNCTION.—Whenever the acts or resolutions of a municipal council cause damage and injury in a direct manner to certain residents of the municipality by reason of the location of the properties of such persons, and even in the case where such acts of a municipal council cause a public nuisance, it is indisputable that persons specially damaged have the right to bring a suit for annulment of such municipal resolutions and obtain, by means of an injunction, the suppression of the nuisance, without prejudice to the suit which the Attorney General may bring by virtue of section 12 of the Law of Injunction of March 8, 1906.

PRESCRIPTION—SUIT FOR ANNULMENT OF MUNICIPAL RESOLUTIONS—PETITION FOR INJUNCTION AS A TEMPORARY REMEDY—INTERPRETATION OF SECTION 93 OF THE MUNICIPAL LAW OF MARCH 8, 1906.—When a suit is brought for the annulment of municipal resolutions and to afford a temporary remedy and an injunction is prayed for in a separate petition, the prescription of 30 days fixed by section 93 of the Municipal Law of March 8, 1906, cannot be invoked against the injunction, but only against the original complaint. Said section of the Municipal Law treats of two classes of cases: Ordinances or resolutions which may injure private individuals, and ordinances which may prejudice the rights of the municipality in general; but for the first class no prescription is fixed, and for the second it is fixed at 30 days from the date on which the ordinance or resolution shall have been made publicly known.

INJUNCTION—ALLEGATION OF DAMAGES IN THE PETITION.—A petition for injunction shall set out the existence of the damage, but the amount of such damage does not influence in any manner the right to seek the remedy.

MUNICIPAL RESOLUTION GRANTING AUTHORITY TO BUILD AND ERECT A CAFE ADJOINING THE THEATRE—NATURE OF THE CONTRACT.—A contract by which a municipal council authorized a concessionaire to construct and erect, without cost to the city, a building on a sidewalk contiguous to a municipal building, binding the concessionaire to transfer to the municipality the ownership in the same on its completion, the concessionaire to have the right of the free use and occupancy of such building for a period of 25 years, is a contract of lease, in which the transmission of the ownership of the property to the municipality represents the payment of the lease of that part of the sidewalk which the municipality cedes for the purposes of constructing the building.

POWERS OF A MUNICIPALITY TO AUTHORIZE THE CONSTRUCTION OF A BUILDING ON A SIDEWALK.—A municipal council has no authority under the law in force in Porto Rico, to authorize any private person to construct a permanent building upon a street, sidewalk, or plaza.

FREE AND CONTINUAL USE OF THE STREETS—RIGHTS OF THE INHABITANTS OF A CITY.—All of the inhabitants of a city have the right to the free and continual use of its streets, sidewalks, and plazas.

The facts are stated in the opinion.

Messrs. *Alvarez Nava and Falcón* for appellants.

Mr. *Hernández López* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case, the Chief Justice being absent, the four associate justices are equally divided in opinion, leaving the judgment of the district court to remain in force, as therein rendered.

This action was brought, in the District Court of San Juan, First Section, by the following citizens of the said capital

city of San Juan to wit: José E. Saldaña, Eduardo Villar, attorney in fact for Alejandro Villar, C. Fredericksen, Isidro Luiña, and Ramón Daubón, against the municipal council of San Juan and Antonio Pérez Pierret, seeking a decree of the said court to revoke and annul a resolution passed by the municipal council of San Juan which grants a privilege to Antonio Pérez Pierret to construct and erect a three-story building on the west side of the Municipal Theater, as an annex thereto, situated at the junction of Tetuán Street and Allen Street, having its main front on Plaza Colón, in the said city of San Juan, and contract made by virtue and authority of said resolution, and also praying that a temporary injunction might issue against the defendants, the municipal council of San Juan and Antonio Pérez Pierret, restraining them from proceeding with the construction of the said building, and that the court should finally order the demolition of said structure, and that the sidewalk abutting on the west side of the theater, upon which said annex is being erected should be restored to the same condition in which it was before said license was granted to defendant Pierret.

The complaint alleged, among other things, substantially that on the 14th day of December, 1907, Antonio Pérez Pierret entered into a contract with the municipal council of San Juan to erect, without cost to the said city, a three-story annex building and cafe restaurant on the west side of the Municipal Theater Building, on Tetuán Street, according to plans and specifications approved by the Department of Public Works; that immediately upon the completion of said annex and cafe, Pierret was required by the terms of said contract, to transfer said building and cafe, by deed of conveyance, to the said city of San Juan; and in consideration for said transfer the said Pierret was to have the free use of said building and cafe, for the exclusive purpose of operating a restaurant therein, for the period of 25 years from the date of the delivery of said building by him to the city of San Juan.

And further, that the annex which Pierret was constructing under and by the authority of said agreement, with the municipal council of San Juan, is on the west side of the municipal Theater Building upon the sidewalk that had theretofore formed a part of Tetuán Street between the roadway of the street and the said theater building.

And further, that the said sidewalk and the ground upon which Pierret was constructing said building has been previously used for many years, or from time immemorial, as a public highway for public use, and forms part of Tetuán Street, and had theretofore been used for the convenience of the public and all persons who attended the theater, thereby providing ample space for entrance thereto and exit therefrom.

The complaint further alleged that plaintiff, José E. Saldaña, was the owner of house No. 89 situated on Allen Street in the said city, with the front doors, windows and rooms facing on Tetuán Street and directly in front of the sidewalk upon with the building heretofore mentioned was being erected; and that plaintiff Alejandro Villar was the owner of the house situated on Tetuán Street in said city that is contiguous with or next to the Municipal Theater Building, being in a southwestern direction therefrom—that is to say, that after the end of the sidewalk of the theater ceases the sidewalk fronting the house of the plaintiff begins—and that plaintiff, C. Fredericksen was the owner of the house No. 74 situated on Tetuán Street in said city, adjoining the house owned by Saldaña and directly in front of the Municipal Theater and the proposed annex which is being constructed adjoining to said theater; and that plaintiff, José Antonio Daubón, was the owner of house No. 94, situated in front of the Municipal Theater, on the west side, and forms the corner with Plaza Colón; and that the land upon which the said annex building is being erected was, prior to the said construction, in the same condition as all the other sidewalks in the said city of San Juan.

The complainants made a special application for an injunction, pending the suit, reiterating the facts set forth in the complaint and especially setting forth the illegality of the ordinance granting the concession and the great injustice that would result therefrom.

The trial court granted an injunction, to be issued after filing the required bond, temporarily restraining the defendant, Pierret, from continuing to build the annex, and in like manner restraining the other defendant, the municipality of San Juan, from proceeding under the contract; whereupon, from this order both defendants took an appeal to this Supreme Court.

In this court the city council of San Juan and the defendant, Pierret, appear as appellants, by their respective counsel, and propound five propositions on which they claim a reversal of the judgment. These will be considered in their order.

1. Appellants claim a want of jurisdiction in the trial court of the subject matter which forms the basis of this suit, contending that it is indisputable that the resolutions of the municipal council have the character of laws and they have the same value and equal efficacy as those laws which emanate or proceed from the legislative assembly, and that the court has no jurisdiction to declare their nullity unless there is a previous litigation instituted between the parties in which these resolutions appear in conflict with other laws or constitutional provisions. It is further claimed that it is the function of courts to adjudge cases pending between parties of whom one claims a right which is denied by the other, and that it is always necessary that a controversy should exist in which one refuses to recognize rights which the other claims, the same being a controversy which involves one or some of the questions which are submitted to the decision of the tribunal. Appellants cite in support of this proposition the opinion of this court in the case of the *Property Owners' League* v. *Municipal Council of San Juan,* (12 P. R. Rep., 346) involving the validity of a municipal ordinance.

The case at bar differs very materially from that pending between the Property Owners' League and the municipal council of San Juan, because in that case the suit was brought directly in the district court to annul an ordinance passed, regulating the disposition of garbage by the proprietors of houses and the occupants thereof, and providing means by which such garbage should be disposed of. The object of said ordinance being to promote the public health and to prevent the spread of disease in the city.

In the present case the suit was brought in the district court, to set aside a resolution of the city council granting a privilege to a private citizen to erect and construct a building in the public street of the city of San Juan and adjoining to the Municipal Theater, and authorizing a contract to be made with him by which he should have the exclusive use and occupancy of the said building for 25 years, and that at the end of said time should surrender the same to the city as a means of compensation, or in payment of the ground rent which should be agreed upon in the meantime. In the first case, the city council of San Juan was acting in a legislative capacity; in the latter it was acting in the capacity of a private proprietor attempting to make a contract of rent with an individual of a property which it claimed to own and over which it attempted to exercise the rights of full proprietorship. There is quite a difference in the functions of a city council acting in a legislative capacity and the same council acting in a proprietary capacity; so that the case cited, in which the opinion of this court was rendered between the Property Owners' League and the city council of San Juan, is no authority in the present case, either for or against the propositions involved herein. It is therefore clear that the trial court had jurisdiction, as claimed, under the Municipal Law of this Island passed and approved on the 8th day of March, 1906.

2. The appellants claim that there is a want of personality or capacity in the plaintiffs, who are the appellees in this

court, to present a complaint and an application for an injunction, in such a case as the present appears to be since, according to the record, said complaint and application appear to treat of a public nuisance, and in such a case the only person who has the capacity to bring such a suit is the Attorney General of Porto Rico. In support of this proposition appellants cite article 64 of the Political Code and section 12 of the Injunction Law, passed on the 8th of March, 1906. But the present case, as presented in the record here, is not a case of nuisance, either public or private. Nothing is said about any nuisance in the pleadings or in the judgment from which this appeal was taken. But were the injunction, granted on that ground, and if the obstruction to the sidewalk shown by the record were held to be a public nuisance, there is nothing to prevent the plaintiffs from obtaining the writ of injunction in their own behalf, as was done by the State of Pennsylvania, acting as a private party, in the case of *Pennsylvania* v. *The Wheeling Bridge Co.,* 54 U. S., 518; which is cited with approval by the Supreme Court of the United States, many years later, in the case *U. P. R. R. Co.* v. *Hall,* 91 U. S., 355, to which reference is made. The complaint says that the plaintiffs ask the district court to dictate a judgment revoking and leaving without effect or annulling the resolutions of the city council of San Juan passed on the 5th and 12th of December, 1907, and on the 20th of January, 1908, and in consequence thereof revoking and leaving without effect, in all of its parts, the concession which, by virtue of these resolutions, was granted to Antonio Pérez Pierret, and to order the destruction or demolition of all that edifice which has been built in consequence of that concession, and that the sidewalk upon which this edifice has been constructed should be restored to its former state. It seems clear then that the complaint does not seek simply to remove a public nuisance, but that its prime object is to invalidate the resolutions and the contracts entered into between the city council and a private citizen, which are claimed to be illegal and violative of the rights of the plain-

tiffs, and the destruction of the building which has been erected, which is a necessary consequence of the nullification of the resolutions by virtue of which the edifice was being erected. And this relief is sought not because the building is a nuisance, either public or private, but because the city council of San Juan had no authority to authorize the construction of it, and its actions in this respect were *ultra vires* null and void. The petition for injunction agrees in all its parts with the prayer of the complaint, and solicits a prohibitory injunction requiring the defendants to abstain from fulfilling or carrying forward in any of its particulars the concession granted to Pérez by virtue of the resolutions of the city council, and that a final judgment be entered up to that effect; so that the application for injunction is in accordance with the complaint soliciting delay in the fulfillment of the said resolutions and contract entered into between the parties during the pendency of the suit and until final judgment should be rendered; and moreover the plaintiffs did not only seek to establish a public right and prevent the public from being injured by the acts of the defendants, but they sought relief from a special injury to their own property, setting out what property each of them owned, and showing that their properties were situated quite near to the objectionable edifice, and, consequently, that they sustained special damage, over and above the general damages to all the citizens of San Juan, by the erection of the objectionable building upon the sidewalk of Tetuán Street in front of the theater. The plaintiff, Villar, showed that he has a house fronting O'Donnell Street, on the corner of Tetuán Street, and that its north windows and doors look but upon the sidewalk on which the annex to the theater was being constructed, and which necessarily cut off a part of his building from a view of the Plaza Colón. In the same manner the plaintiff, Saldaña, has a house directly opposite to the objectionable building, and the plaintiff Daubón one on the adjoining corner, Fredericksen having a house between that of Villar and that of Saldaña, and all quite near to the

Municipal Theater and the saloon which it is proposed to erect as an annex thereto. Thus it seems clear to anyone carefully examining the pleadings in this case and the affidavits attached to the application for an injunction and the maps presented by each party to this suit, that the plaintiffs who bring the suit and who seek the injunction have a special interest in the case, and suffer special damages by the objectionable building, over and above any that are suffered by the public at large; so that it is clear that the plaintiffs had a righht to bring this suit, and that if the Attorney General had any right to bring a suit, which is quite possible, it was independent of the rights of these plaintiffs, and in no way conflicting therewith; that the remedy placed in the hands of the Attorney General by the statutes, and especially section 12 of the Injunction Law is cumulative with the rights of the taxpayers and property owners in the city of San Juan to seek the protection of the courts where they suffer special damages, and where their property is being subjected to damages or deterioration by the unlawful acts of the city council of San Juan acting in conjunction with any private citizen residing in said city. So it is quite clear to my mind that the plaintiffs possessed ample capacity to sue herein.

3. The appellants contend that if the plaintiffs ever had any right to institute a suit such as that which they have brought against the defendants, it was barred by limitations before the institution of said suit, and they allege, to sustain this proposition, that the resolutions of the city council of San Juan which the plaintiffs are seeking to nullify took place in public sessions on the 5th and 12th of December, 1907, and that from that time to the 25th of January, 1908, on which date the suit was brought, more than 30 days had expired, which is the term fixed by the Municipal Law, in section 93 thereof, within which to make objections to the resolutions and debates. If this objection were good it could not be made in opposition to the granting of the injunction, but it must be made in opposition to the relief sought in the original com-

plaint. The injunction granted herein is an ancillary measure and only temporary, and should the plea of the statute of limitations be finally sustained, the injunction must fall with the complaint on which it is founded. But let us examine the statute on which the defendants base their contention that the cause of action, if any ever existed, is barred and cannot be entertained.

The section of the Municipal Law relied on is found in the Session Acts of 1906, on page 136 thereof, and reads as follows:

"Section 93.—Any person resident within the limits of a municipality who believes himself injured by any ordinance or resolution or act of a municipal council, or of any municipal officer, may object thereto by bringing a suit in a court of competent jurisdiction. In a like manner, any person residing in the municipality may bring a judicial action by reason of any ordinance or resolution of the municipal council, which may prejudice the interests of the municipality, provided such action is begun within a period of 30 days from the date on which the ordinance or resolution shall have been made known. In the event of such person being unable by reason of poverty to employ counsel to carry on the suit above mentioned, he may appeal to the Attorney General of Porto Rico, by petition, accompanied by a sworn statement to the effect that he is financially unable to employ council, and if, in the opinion of the Attorney General, the said petition is well founded, and he is satisfied that the petitioner is financially unable to employ counsel, he may either personally or through a district *fiscal,* represent the petitioner before the court. The Attorney General of Porto Rico may himself take cognizance of any such ordinance, resolution or act, upon the matter coming to his attention in any way, and he shall proceed as if direct personal appeal had been made to him."

It is readily seen that this section treats of two classes of cases; the *first* suits on account of injuries to private individuals and *second,* suits by reason of ordinances or resolutions which may prejudice the interests of the municipality. In the first class no special limit is fixed within which the suit must be brought, and of course the limit depends on the general law in regard to such matters. In the second class of cases

"the action must be begun within a period of 30 days from the date on which the ordinance or resolution shall have been made known." Then if the present suit is one falling within the first class the 30 days' limitation does not apply at all. And if it falls within the second class the time limited does not begin to run until the ordinance or resolution shall have been made known, which appears from the record to have been at the time work was begun on the structure less than a week before the institution of the present suit. So that the statute has not run in either case.

The respondents reply to this objection of the statute of limitations that the resolutions of which they complain have not been published as required by the municipal law governing the city of San Juan, and that the respondents, who are the plaintiffs below, had no notice of the resolutions of the city council, or of the contract made thereunder, except the actual beginning of the work which was observed to commence about the middle of January, or a short time thereafter. So taking all the circumstances of the case together, under the provisions of the Civil Code and of the municipal law, on which this suit is founded, we cannot concede that the statute of limitations could be successfully pleaded to the application made for injunction in this case. But we must hold that the said application was made in time, and that if the statute of limitations is to be invoked at all it must be applied and maintained against the original complaint, on the final trial of the case involving the nullity of the resolutions of the city council, and the contract made thereunder.

4. The appellants contend that it is a principle of jurisprudence that every application for injunction should express and set out in a clear and conclusive manner the specific and determinate damages which are caused by the acts sought to be suspended by virtue of the injunction; and that in the present case the plaintiffs have not set out in their complaint, nor in their application for an injunction, any specific, determinate and distinct damage which can be done to them or to

the community by the resolutions of the city council or by the work which is being erected in consequence thereof. It may be well to state that the complainants, in their application for an injunction, as well as in the complaint on which it is based, set out a violation of their rights, and show that their property which was long since erected near the location of the building which is being constructed and is complained of, has deteriorated and been rendered less desirable for occupancy, for residence or business, by the erection of the saloon which it is proposed to annex to the theater, and the destruction of the sidewalk lying between the roadway of Tetuán and O'Donnell Streets and the west wall of the said theater. It is not the amount of damage that gives the right to bring a suit, but the existence of damage, be it ever so small. Damage to the amount of $1 or an eagle is of quite as sufficient value on which to base a suit, as damage to the amount of $100 or 1,000 eagles. So it is not considered that this objection is tenable under the pleadings and supporting affidavits which are included in the record of this cause.

5. The fifth and last objection, raised by the appellants and on which they seek a reversal of the order made by the court below granting the temporary injunction in this case, is more complex than either of the other four. Appellants contend that the land upon which this edifice is proposed to be constructed and to which the injunction refers, is the private property of the municipality and forms a part of the patrimonial estate thereof; whether it is considered as a part or parcel annexed to or depending on the Municipal Theater, or as land left over from the public highway; and the appellants cite to sustain this proposition the commentary of Scaevola on article 344 of the Spanish Civil Code, which is the same as article 328 of the present Porto Rican Code; also citing section 22 of the Municipal Law of 1906, as amended by the act of the Legislature of Porto Rico, passed on the 14th of March, 1907, by virtue of which it is claimed that the contract made, under the resolutions cited, between the city coun-

cil of San Juan and defendant, Antonio Pérez Pierret, is neither a sale, nor a mortgage, nor a lease, but that it is a contract which is not named or contained in any of the three cases mentioned; that it is not a sale because there is no transmission of property; that it is not a mortgage because neither land nor an edifice is required to respond to the fulfillment of an obligation; and that it is not a renting or lease because there is no price for the same in cash nor any payment which has to be made periodically.

To my mind this objection is not sound; but it seems to me clear that the contract made between the city council of San Juan and the defendant Antonio Pérez Pierret is clearly a lease, providing for a ground rent of that part of the street or sidewalk occupied by the edifice which he is authorized to build adjoining and annexed to the west wall of the Municipal Theater; and it makes no difference whether the rent to be paid is in cash and payable monthly, or quarterly, or annually, or whether it is in the shape of a building which is to be delivered, after the term of 25 years, to the city council of San Juan in full payment for the ground rent during the whole term of said renting.

It is plain enough, when the whole case is looked at from an impartial standpoint, however the contract may be hedged around with technicalities and whatever skill is brought to bear to avoid the provisions of the Municipal Law requiring the approbation of the Executive Council and of the Government of Porto Rico, that after all, the arrangement made between Antonio Pérez Pierret and the city council of San Juan is nothing more nor less than a ground rent running for 25 years to be paid for with the building erected upon the ground so leased from one party to the other.

Further the city council of San Juan have no authority under the law to authorize any private person to construct a permanent building upon one of the streets, or sidewalks, or plazas of the city. These have been dedicated to the use of the inhabitants of the city, and each and every one of them, from

the Governor in the Palace to the beggar in the gutter, has the right to their free and continual enjoyment. Any act of the city council attempting to license the building of a saloon upon one of the sidewalks of this city is *ultra vires* null and void, and any citizen can appeal to the courts for protection against such an unlawful act. (Sec. 22, Laws of 1906, p. 112; sec. 65 Laws of 1906, p. 124; *Railway Companies* v. *Keokuk Bridge Co.,* 131 U. S., 384; *Brenham* v. *Water Company,* 67 Tex., 554; *Field et al.* v. *Barling et al.,* 149 Ill., 557-566; *Smith et al.* v. *MacDowell,* 148 Ill., 51-63-68; *Wheeler* v. *County of Wayne,* 132 Ill., 599; *Huesing* v. *City of Rock Island et al.,* 128 Ill., 477; *Chicago Dock Co.* v. *Garrity et al.,* 115 Ill., 167; *Cook County* v. *McCrea,* 93 Ill., 238; *Carter* v. *City of Chicago et al.,* 57 Ill., 283.)

If this view of the facts is correct then the city council of the city of San Juan exceeded the powers and authority granted them by law in attempting to make such a contract for the use of the public street or a part thereof and its action in so doing is null and void.

These are the five points made by the defendants, who are the appellants in this case, and none of them, to my mind, show any reason why the order of the district court, granting the temporary injunction therein, should be set aside or reversed. And for the reasons stated, the order having been properly made for the temporary protection of the rights of the plaintiffs, and bond having been provided for and furnished to secure any damages which defendants might suffer by reason of the improvident or illegal granting or issuance of the injunction, the judgment of the district court should be in all things affirmed.

*Affirmed.*

Mr. Justice Figueras concurred.

Justices Hernández and Wolf voted for a reversal of the judgment.

Mr. Chief Justice Quiñones did not take part in the decision of this case.

This action was brought in the District Court of San Juan Section 1, by José E. Saldaña, Eduardo Villar, attorney in fact for Alejandro Villar, C. Fredericksen, Isidro Luiña, Ramón Daubón, attorney in fact for his father José Antonio Daubón, represented by Juan Hernández López, Esq., against the municipal council of San Juan and Antonio Pérez Pierret for an order of court revoking and annulling a resolution of the municipal council of San Juan, granting authority to Antonio Pérez Pierret to build, construct and erect a three-story annex building on the west end of the Municipal Theater Building, situated at the junction of Tetuán and Allen Streets, facing Plaza Colón in the city of San Juan, and that an injunction *pendente lite* issue against the municipal council of San Juan and Antonio Pérez Pierret, and that the court order the destruction and tearing down of said structure, and that the pavement joining on the west of the theatre building upon which said annex is being erected be restored to the same condition as is was before said concession was granted to defendant, Pierret.

The complaint alleged among other things that on the 14th day of December, 1907, Antonio Pérez Pierret entered into a contract with the municipal council of San Juan to build and erect, without cost to the city, a three-story annex building and garden on the west side of the Municipal Theatre Building on Tetuán Street, according to plans and specifications approved by the Department of Public Works. That immediately upon the completion of said annex and garden, Pierret was required to transfer said building and garden by deed to the city of San Juan; that in consideration for said deed of transfer the said Pierret was to have the free use of said building and garden for the exclusive purpose of operating a restaurant therein for the period of 25 years from the delivery of said building to the city of San Juan.

That the building which Pierret was constructing under and by authority of said agreement with the municipal council of San Juan is on the west front of the Municipal Theatre Building, upon the pavement that it was alleged formed a part of Tetuán Street between the alleged highway of the street and the present theatre building.

That said pavement and ground upon which Pierret was constructing said building had been used for many years, or from time immemorial, as a public right-of-way for public use and forms part of Tetuán Street and had been used for the convenience of the public who attend the theatre, providing ample room for entrance and exit therefrom.

That plaintiff José E. Saldaña was the owner of house No. 89 situated on Allen Street in this city with the front, doors, windows and rooms facing on Tetuán Street and directly in front of the pavement upon which the building heretofore mentioned is now being erected.

That plaintiff Alejandro Villar was the owner of a house situated on Tetuan Street in said city that is continuous with or next to the Municipal Theatre Building being in a direction therefrom northeast by southwest—that is to say, that after the end of the sidewalk of the theatre the sidewalk belonging to the house of this plaintiff began.

That plaintiff, C. Fredericksen, was the owner of house No. 74 situated on Tetuán Street in said city adjoining the house owned by Saldaña and directly in front of the Municipal Theatre and the proposed annex which is being constructed to said theatre.

That plaintiff José Antonio Daubón was the owner of house No. 94, situated in front of the Municipal Theatre on the west side and forms the corner with Plaza Colón.

That the piece of ground upon which the building is being constructed was in no different status or condition than are all the other pavements of the city of San Juan.

The complainants made a special petition for an injunction, *pendente lite,* reiterating the facts of the complaint and spec-

ially alleging the illegality of the ordinance and the public injustice that would result therefrom.

The trial court granted an injunction restraining *pendente lite* the defendant Pierret from continuing to build the annex and restraining the defendant, the municipality, from proceeding under the contract, whereupon defendants took an appeal to this court.

The appellees did not attempt to set out that they were specially injured by reason of the building of this annex to the theatre. The theory of the application for the temporary injunction was that the appellants were creating a public inconvenience. Appellees do not allege any injury to their light, to the access of any of their several properties, or to the air, or that they are in any wise more affected than the rest of the community. There is an allegation in the brief of appellees that the restaurant itself might turn out to be offensive, but the same thing might be said of any restaurant within the proper limits back of the sidewalk. The same thing might be said of the restaurant of Luiña already existing on Allen Street. The fact of the building of the annex may be a little more disagreeable to the minds of the people who have their property in the immediate neighborhood; but without some particular showing that the attempt to build affects the particular interests of the complainant, such discomfort or annoyance does not create a special injury. It might, with equal truth, be urged that the theatre itself with its noise and its crowds would be offensive to its neighbors, and this manner of arguing could be carried on *ad libitum*. It is not enough that one should undergo some mental annoyance. What the appellees try to show is that the municipality of San Juan has permitted Antonio Pérez Pierret to begin to erect a building on a sidewalk, which is a part of a public thoroughfare.

I do not care to enter into a discussion of whether this sidewalk is part of the public thoroughfare or not, as this question can more properly be determined in the principal suit. The principal reason of my attitude in this case is that the com-

plainants are not the proper parties to obtain an injunction of the class to which the order of the court below relates.

The difference between public and private nuisances is well set out in the Encyclopedia of Law and Procedure as follows:

"A. *Definition.*—The term 'nuisance' means literally annoyance; anything which works hurt, inconvenience, or damage, or which essentially interferes with the enjoyment of life and property.

"A. *Public and private nuisances.*—A nuisance is public where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled, whereas a private nuisance is anything done to the hurt, annoyance, or detriment of the lands, tenements, or hereditaments of another, and not amounting to a trespass; thus any unwarrantable, unreasonable, or unlawful use by a person of his own property, real or personal, to the injury of another, constitutes a private nuisance.. It will thus be observed that the difference between public and private nuisances does not depend upon the nature of the thing done but upon the question whether it affects the general public or merely some private individual or individuals, and so the same act or structure may be a public nuisance and also a private nuisance as to a person who is thereby caused a special injury other than that inflicted upon the general public; while on the other hand, the fact that a nuisance injures a great many persons does not make it a public nuisance, where the injury is to the individual property of each person and not to the general public as such." (27 Cyc., 1152.)

Now if any special injury had been shown or could be shown in this case, the complainants might bring their suit in spite of the fact that there was likewise a public nuisance.

But the injury which they suffer is one which the whole community suffers with them, namely, the alleged obstruction of a thoroughfare. This being so, I think the case is governed by section 12 of the Law of Injunctions, Laws of 1906, page 89, which provides:

"Any injunction may be issued to prevent the illegal levying of any tax, duty, or toll, or for the illegal collection thereof, or against any proceeding to enforce such collection; and any number of persons whose property may be burdened by a tax so imposed, may join them-

selves to obtain such injunction. An injunction may be issued in the name of 'The People of Porto Rico' to suspend and obtain the. suppression of a common nuisance. The *fiscal* of a district where a common nuisance exists, or the Attorney General shall sustain, to his best knowledge, the application for injunction and shall not require a bond.''

Under this section I maintain that the only person who can bring a suit to suppress a public nuisance is the *fiscal* of the district court or the Attorney General. *Expresio unius est exclusio alterius.* If any taxpayer or property owner had a right to bring a suit, it was idle to authorize the People of Porto Rico to do it, and I think that the object of the Legislature was to prevent indiscriminate actions, where a public nuisance was alleged; in other words, it should not be left to the uncertain judgment of any citizen as to whether it was proper to bring a suit to suppress an alleged public nuisance, otherwise the courts might be besieged with applications of this kind. Another reason for this view is to be found in the case of *Yost* v. *Philadelphia, etc. R. Co.,* 29 Leg. Int., 85, 29 Cyc., 1208, as follows:

''The reason for the rule that equity will not abate a public nuisance at the instance of a private person who has sustained no special damage is that if one individual may interpose for an infringement upon public right, or for a public injury, any other person may, and, as a discharge in any case would be no bar to any other, there would be no end to litigation.''

For the general law in this connection see also *Johnson* v. *Baltimore, etc., R. Co.* 4 App. Cas. (D. C.), 491; *Spring Valley Waterworks* v. *Fifield,* 136 Cal., 14; *Redway* v. *Moore,* 3 Idaho, 312.

And other authorities are set out on page 1208 of Cyc., volume 29.

In the Idaho case of *Redway* v. *Moore,* quoted on page 317, the opinion also sets forth when a private person may main-

tain an action to abate a public nuisance, namely when he can show special injury to himself. In this case, special injury, as the term must be understood in the law, is neither alleged nor shown. But it is suggested in this case that the Municipal Law in section 93 gives a person a special right to bring an action. The essential words are that any person within the limits of the municipality who beleives himself injured by an ordinance, or resolution, or act of a municipal council, or of any municipal officer may object thereto by bringing a suit in any court of competent jurisdiction, and in like manner any person residing in the municipality may bring a judicial action by reason of any ordinance or resolution of the municipality which may prejudice the interests of the municipality provided such action is begun within a period of 30 days form the date on which the ordinance or resolution shall have been made known. There are many resolutions of the municipal council which may prejudice the interests of the community. But this section must be construed reasonably; for example, it cannot be supposed that the Legislature intended that a court should determine the prospective benefits that a community might derive from a particular legislative action, as for instance the grading of certain streets, or the extension of certain thoroughfares. Thus the act must be taken to mean when it appears that the act of the municipal council is in some way in conflict with the laws of Porto Rico. But however that might be, there certainly would be a large number of municipal acts which would not in their effect create a public nuisance, even if they may be prejudiced to the interests of the community at large, and such acts might be remedied by authority of this section of the municipal law. The municipal council might pass a regulation requiring the abandonment of a certain thoroughfare, or take some other action which would affect the community without creating a public nuisance. The Injunction Law, which bears the same date as the Municipal Law, as it expressly covers the cases of public nuisance and is not inconsistent with the remedies somewhat vaguely set forth

in section 93, is a rule of law which must govern in a judicial case.

It is also suggested in the discussion in this court that section 12 of the Injunction Law only has application where the primary object of the suit was to suppress a nuisance, and the injunction was sought for that purpose. Paragraph one of section three of the law of injunction would cover the case of a suit primarily brought for the sole purpose of getting an injunction. Paragraphs one, two and three of the same section authorize by their plain terms an injunction during the pendency of the litigation. Section five of the same law says:

"An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits, if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor."

Section 12 of that law does not distinguish between the cases when the injunction is the primary object of the suit, or only an incidental remedy.

As discussed previously the object sought to be attained in this suit was a suppression of an alleged public nuisance. If it were a public nuisance the suppression of it could not be obtained by a private person beginning the suit for another purpose and attempting to have the nuisance suppressed by it as an incidental act. The law prescribes how a public nuisance may be suppressed, and private parties have no right to accomplish that purpose in an indirect manner.

It being my view of the case that the injunction was improperly prayed and granted I consider it unnecessary to discuss the other questions involved. The judgment should have been reversed.

Justice José C. Hernández concurred in this opinion.