[Civ. No. 2147. First Appellate District.—August 30, 1917.]

FATHER D. R. WALLACE et al., Appellants, v. MAC-DONOUGH THEATER COMPANY et al., Respondents.

NUISANCE—INJUNCTION—EXHIBITION OF MOVING PICTURE—PLEADING—INSUFFICIENT COMPLAINT.—In an action brought by certain members of the negro race to enjoin the exhibition of a moving picture upon the theory that such exhibition constituted a public nuisance, the complaint fails to state a cause of action where it is merely alleged that the exhibition would tend to cause general race hatred between the white and negro races, but does not state any facts showing that plaintiffs suffered any peculiar or special damages by reason of the exhibition or any different injury than would be suffered by other members of the negro race.

ID.—ABATEMENT OF PUBLIC NUISANCE—SPECIAL INJURY.—Private parties seeking to restrain or abate a public nuisance must show some special injury to themselves aside from and independent of the general injury to the public, and in the absence of such showing private persons will be denied an injunction.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, E. J. Brown, Wm. H. Waste, Wm. S. Wells, and Wm. H. Donahue, Judges.

The facts are stated in the opinion of the court.

Lawrence Sledge, and Glesner Fowler, for Appellants.

Rose & Silverstein, for Respondents.

KERRIGAN, J.—By this action an injunction was sought against the defendants, restraining and enjoining them from

exhibiting a moving picture or photo-play known as "The Clansman" or the "Birth of a Nation." It is the claim of the plaintiffs that such exhibition constitutes a nuisance; that it is indecent and offensive to the moral senses of plaintiffs, and especially injurious to them for the reason that the play holds them up to public ridicule and contumely. Defendants demurred thereto, and the superior court of Alameda County sitting in Bank sustained such demurrer, entered judgment thereon, and this appeal is from such judgment.

By such demurrer it is first alleged that the complaint does not state a cause of action, for the reason that it is based upon the theory that the pictures shown constitute a public nuisance, and that there is no allegation that the plaintiffs sustained any special or particular injury by reason of their production. As a further ground of demurrer defendants alleged that the trial court was without jurisdiction to hear the matter, for the reason that the moving-picture censor of the city of Oakland, the place in which the picture was exhibited, had determined the question adversely to plaintiffs' contention, and that its action in that behalf was binding upon the court.

With reference to the first objection it appears that the complaint simply alleges that the exhibition of the picture would tend to cause general race hatred between the white and negro races, but nowhere does it state any facts which show that plaintiffs suffered any peculiar or special damage by reason of the exhibition or any different injury than would be suffered by other members of the negro race. The complaint is predicated upon the theory that the pictures constitute a public nuisance, and it is well established that private parties seeking to restrain or abate a public nuisance must show some special injury to themselves aside from and independent of the general injury to the public, and in the absence of such showing private persons will be denied an injunction. Our code in substance so provides. (Civ. Code, sec. 3493.)

Nor does the mere allegation, as here, that it is especially injurious to the plaintiffs, change the rule, such recital being held to be a mere conclusion of law. (*Spring Valley Water Works* v. *Fifield*, 136 Cal. 14, [68 Pac. 108].)

It follows that the complaint herein does not state a cause of action against the defendants which justifies plaintiffs in

invoking the relief sought. This being so, we deem it unnecessary to discuss the other grounds of demurrer.

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.